UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKE JORDAN,<br><br>   Plaintiff,<br><br>   v.<br><br>VICEROY HOTEL MANAGEMENT, LLC, et al.,<br><br>   Defendants. | Case No. 21-cv-01338-HSG<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 13, 14 |

Plaintiff Jake Jordan brought suit against Defendants Viceroy Hotel Management, LLC, Viceroy Hotels, LLC, and VHG Beverly Hills, LLC (collectively "Defendants") in San Francisco County Superior Court. Dkt. No. 1-2 ("Compl."). Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA"). *Id.* at ¶¶ 26–60. Defendants removed the action to federal court based on federal question jurisdiction. *See* Dkt. No. 1. Pending before the Court are Plaintiff's motion to remand, *see* Dkt. Nos. 13 ("Mot."), ("Opp."), ("Reply"), and Defendants' amended motion to dismiss, *see* Dkt. Nos. 14, 20, 25. After carefully considering the parties' arguments, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendants' motion to dismiss as moot.[1]

## I.   LEGAL STANDARD

A defendant may remove any civil action to federal court where the district court would have original jurisdiction over the action. 28 U.S.C. § 1441; *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). To do so, a party seeking removal must file a notice of removal within 30 days of receiving the initial pleading or within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

has become removable." 28 U.S.C. § 1446(b)(1), (b)(3).  The notice must contain a "short and plain statement of the grounds for removal."  *Id.* § 1446(a); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The removing party bears the burden of establishing removal jurisdiction.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–85 (9th Cir. 2006); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (noting that there is a " 'strong presumption' against removal jurisdiction," and the removing party "always has the burden of establishing that removal is proper").  A plaintiff may seek to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there was a defect in the removal procedure.  28 U.S.C. § 1447(c).  "[F]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus*, 980 F.2d at 566.

## II.    DISCUSSION

Plaintiff argues that the Court lacks jurisdiction because he alleges only procedural violations of the FCRA and does not assert that he suffered any concrete injury as required to establish Article III standing.  *See* Mot. at 3–6; Reply at 3–8.  Before filing its amended motion to dismiss, Defendants initially moved to dismiss on the ground that Plaintiff lacked standing, contending that Plaintiff "allege[d] bare procedural violations" and alleged no "facts to demonstrate the existence of his concrete and particularized injury, let alone how the injury affected him in a personal and individual way."  Dkt. No. 6-1 at 8.  Reversing course entirely, Defendants now argue that "Plaintiff plead sufficient facts" to make "an injury-in-fact at least plausible."  Opp. at 2.

Article III of the Constitution limits federal jurisdiction to "cases and controversies."  *See Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560 (1992).  Standing is an essential element for a court to have federal subject matter jurisdiction over a "case or controversy."  *Id*.  To establish Article III standing, a plaintiff must have: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is

'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560). Although one of the FCRA's purposes is to "decrease th[e] risk" of reporting false information, "a violation of one of the FCRA's procedural requirements may result in no harm." *Id.* at 1550. Generally, a plaintiff cannot satisfy the injury in fact requirement with a bare allegation of a procedural violation of the FCRA. *See id.* at 1549–50.

The Court finds that Plaintiff has not alleged any concrete injury. Plaintiff alleges that Defendants violated the FCRA by failing to provide (1) proper disclosure in violation of § 1681b(b)(2)(A); and (2) a summary of rights notice in violation of §§ 1681d(a)(1) and 1681g(c). Compl. at ¶¶ 26–60. Defendants contend that Plaintiff plausibly alleges an "informational injury" based on the failure to provide proper disclosures, and points to references to the invasion of "privacy and statutory rights." *See*, *e.g.*, Compl. at ¶¶ 44, 58. This Court, among others, has found "such unexplained passing references insufficient to serve as the sort of concrete and particularized harm necessary for Article III standing." *See*, *e.g.*, *Mansapit v. Deluxe Corp.*, No. 19-CV-00790-HSG, 2019 WL 2423423, at *1 (N.D. Cal. June 10, 2019).

Defendants rely heavily on *Syed v. M-I, LLC*, 853 F.3d 492 (9th Cir. 2017), to argue that the alleged violations support a plausible concrete injury to Plaintiff's right to privacy and information. Opp. at 10–11. But unlike Plaintiff, the *Syed* plaintiff alleged that he "discovered [defendant's] violation(s) within the last two years when he obtained and reviewed his personnel file from [defendant] and discovered that [defendant] had procured and/or caused to be procured a 'consumer report' regarding him for employment purposes based on the illegal disclosure and authorization form." *Syed*, 853 F.3d at 499. The *Syed* court found this allegation "sufficient to infer that [plaintiff] was deprived of the right to information and the right to privacy guaranteed by Section 1681b(b)(2)(A)(I)–(ii) because it indicates that [plaintiff] was not aware that he was signing a waiver authorizing the credit check when he signed it." *Id.* It held that it could "fairly infer that [plaintiff] was confused by the inclusion of the liability waiver with the disclosure and would not have signed it had it contained a sufficiently clear disclosure." *Id.* at 499–500.

Here, Plaintiff makes no similar allegations that would allow the Court to reasonably infer

Plaintiff was confused. *See Goto v. Whelan Sec. of California, Inc.*, No. 20-CV-01114-HSG, 2020 WL 4590596, at *3 (N.D. Cal. Aug. 11, 2020) (distinguishing *Syed* because the plaintiff made no allegations of confusion or "anything about his state of mind at all"). Plaintiff also makes no allegations of late discovery, error, or other harm from the alleged violations which might give rise to standing. *See Mansapit*, 2019 WL 2423423, at *1. And the Court does not change its conclusion based on Defendants' reliance on Plaintiff's general request for various forms of relief. *See* Compl. at 12 ("Prayer for Relief"). The complaint effectively limits its allegations to the facial legality of the required disclosure and summary of rights employers are required to provide in the application process. Because Plaintiff alleges procedural violations that resulted in no concrete harm, he does not have Article III standing and the Court lacks jurisdiction over his claims.

Lastly, Defendants contend that remand would be futile because Plaintiff's claims are time-barred. Opp. at 11. Defendants rely on *Bell v. City of Kellogg*, 922 F.2d 1418 (9th Cir. 1991), for the proposition that the Court may dismiss a removed case without remanding it back to state court if remand would be "futile." Importantly, "the *Bell* rule has been questioned, and may no longer be good law." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1197 (9th Cir. 2016). And in any event, the Court cannot say that there is an "'absolute certainty' that a state court would 'simply dismiss[ ] the action on remand.' " *Id.* (citation omitted). Accordingly, the Court **GRANTS** Plaintiff's motion to remand.

## III. CONCLUSION

Because the Court lacks jurisdiction, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Defendants' motion to dismiss as moot. The Clerk is **DIRECTED** to remand this case to the San Francisco County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: 6/11/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

4